IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | |
|---|---|
| SILICON KNIGHTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| EPIC GAMES, INC., | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on defendant's motions to file documents under seal (DE #63, 88) and plaintiff's motion to seal (DE #72). All three of the motions are unopposed. For the reasons that follow, the motions will be allowed.

## Background

Plaintiff commenced this lawsuit against defendant alleging fraud, breach of contract, and other torts in connection with a non-exclusive license that plaintiff purchased from defendant for use of a piece of software called Unreal Engine 3. (*See generally* Compl. (DE #1) ¶¶ 1, 5, 14). Specifically, plaintiff claims that defendant failed to provide plaintiff with properly working software or offer any reasonable support to plaintiff as a licensee. (*Id.* ¶ 14). Plaintiff further alleges that defendant wrongfully used the licensing fees it obtained from plaintiff and other licensees to fund the launch of another game which competes with Unreal Engine 3 and has enjoyed substantial commercial success at the expense of Unreal Engine 3. (*See id.* ¶ 16). Defendant, in turn, claims that plaintiff infringed on its trade secrets and copyrighted materials by misappropriating defendant's licensed technology. (*See* Counterclaim (DE #8), p. 1). Defendant has asserted counterclaims for copyright infringement, breach of contract, and misappropriation of trade secrets, and for the imposition of a constructive trust. (*Id.*).

## Discussion

In the three pending motions to seal, the respective parties seek to seal the following documents: (1) the license agreement between the parties which contains pricing terms and business information (DE #65); (2) a representative license agreement between defendant and a third-party licensee (DE #66); (3) a list of all of defendant's licensees of Unreal Engine 3 and a spreadsheet detailing the pricing terms of certain Unreal Engine 3 licenses (DE #67); (4) plaintiff's memorandum of law in support of its motion to compel and supporting declarations of Katherine Morgan and Robert Young (DE #76, 77, 78, 79, 80); (5) Exhibit A to plaintiff's motion to compel, which contains defendant's list of alleged trade secrets (DE #81); and (6) defendant's memorandum of law in opposition to plaintiff's motion to compel as well as declarations of Martin Sweitzer, P. Shane Smith, and Martin D. Kemp in support of defendant's memorandum (DE #92).

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed have been filed in connection with discovery motions, and not in support of any motions which seek dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

2

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (*quoting In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, the parties have demonstrated that the documents in question contain confidential and proprietary commercial information, including trade secrets and other information relating to the parties' networks and software, information which is of utmost importance to the parties but not generally available to the public. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motions were filed on 4 March 2008, 11 March 2008, and 25 March 2008. No opposition has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by

3

specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential business information, license pricing terms, and other materials protected by trademark and not generally available to the public, the court finds that alternatives to sealing do not exist at the present time.

## Conclusion

For the foregoing reasons, the parties' pending motions to seal are ALLOWED. The documents at issue shall remain under seal in accordance with Local Rule 79.2(b), E.D.N.C.

SO ORDERED, this 8th day of May, 2008.

James E. Gates
United States Magistrate Judge