IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | |
|---|---|
| SILICON KNIGHTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| EPIC GAMES, INC., | ) |
| | ) |
| Defendant. | ) |

This case came before the court on 19 August 2008 for a status conference. At the conference, the court heard argument relating to three motions by plaintiff concerning compliance with the court's 13 June 2008 Order ("13 June Order") (DE #106, 139, 167) and a motion by defendant (DE #146). The court will address below plaintiffs' motions, but will determine by separate order defendant's motion. The court will also address two motions by plaintiff to seal (DE #137, 165) and an administrative matter taken up at the conference.

## BACKGROUND

Plaintiff commenced this lawsuit against defendant alleging fraud, breach of contract, and other torts in connection with a non-exclusive license that plaintiff purchased from defendant for use of a piece of software called Unreal Engine 3 ("UE3"). (*See generally* Compl. (DE #1) ¶¶ 1, 5, 14). Specifically, plaintiff claims that defendant failed to provide plaintiff with properly working software or offer any reasonable support to plaintiff as a licensee. (*Id.* ¶ 14). Plaintiff further alleges that defendant wrongfully used the licensing fees it obtained from plaintiff and other licensees to fund the launch of another game which competes with UE3 and has enjoyed substantial commercial success at the expense of UE3. (*See id.* ¶ 16). Defendant, in turn, claims that plaintiff infringed on its trade secrets and copyrighted materials by misappropriating defendant's licensed technology.

(*See* Counterclaim (DE #8), p. 1). Defendant has asserted counterclaims for copyright infringement, breach of contract, and misappropriation of trade secrets, and for the imposition of a constructive trust. (*Id.*).

## DISCUSSION

### I. Plaintiff's Motions relating to Compliance with the Court's 13 June Order

In its 13 June Order, the court directed defendant to produce to plaintiff a more particularized description of its trade secrets contained in UE3. (*See* 13 June Order, pp. 12-15 15). The 13 June Order further provided that plaintiff produce computer source code and related tools underlying its video game engine and the video game that was developed using that engine fourteen days after production of the more particularized trade secrets description. (*Id.*, pp. 15-16). By its motions, plaintiff seeks further particularization of defendant's trade secrets description (DE #106), an extension of time to produce its source code and related tools (DE #139), and the court's consideration of a supplemental declaration by its expert (DE #167).

Plaintiff has shown good cause for the court to consider the supplemental declaration of its expert and the motion is ALLOWED. The parties have narrowed their differences regarding the other two motions and the discussion at the conference indicated a strong likelihood that they would be able to resolve their remaining differences.

It is therefore ORDERED that plaintiff's motions for further particularization and an extension of time shall be ALLOWED on the following terms:

1. As discussed at the conference, no later than today, defendant shall produce to plaintiff the latest revision of the particularized description of defendant's trade secrets required by the 13 June Order.

2. No later than 5 September 2008, counsel shall confer and make a good faith effort to resolve any objections plaintiff has to this description of defendant's trade secrets. If counsel are unable to resolve all the objections, counsel shall have the respective experts for each party confer by the same date regarding any unresolved objections.

3. If the conferences of counsel and experts do not resolve all objections by plaintiff, plaintiff shall file with the court within seven calendar days after completion of the conference(s) a motion requesting whatever relief it seeks with respect to the unresolved objections. The motion shall be supported by a memorandum. Plaintiff's filings shall state with specificity its objections to the description of defendants' trade secrets and the grounds therefor. The motion shall contain a certification that plaintiff's counsel and expert(s) have conferred with defendant's counsel and expert(s) in good faith to resolve the objections.

4. Defendant shall file its response to any such motion within seven calendar days after it is filed. Defendant's response shall contain a certification that defendant's counsel and expert(s) have conferred with plaintiff's counsel and expert(s) in good faith to resolve the remaining objections.

5. Plaintiff shall produce to defendant the computer source code and related tools specified by the 13 June Order within seven calendar days after either (1) the resolution by the parties of all its objections to the description of defendant's trade secrets or (2) entry of an order deciding any motion filed by plaintiff as set out above, whichever occurs first.

## II. Plaintiff's Motions to Seal

Plaintiff's motions to file documents under seal are unopposed. For the reasons that follow, the motions will be allowed.

In the two motions to seal, plaintiff seeks to seal the following documents: (1) the declaration of Robert Young attached as Exhibit A to plaintiff's memorandum of law in support of its motion to compel compliance with the 13 June Order (DE #136-3); and 2) the supplemental declaration of Robert Young attached as Exhibit A to plaintiff's motion to consider the supplemental declaration of Robert Young (DE #167).

The Fourth Circuit has directed that before sealing publicly filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed have been filed in connection with discovery motions, and not in support of any motions which seek dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.

4

1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (*quoting In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, plaintiff has demonstrated that the documents in question contain confidential and proprietary commercial information, including trade secrets and other information relating to the plaintiff's networks and software, information which is of utmost importance to the plaintiff but not generally available to the public. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight*, 743 F.2d at 235. Here, the motions were filed on 28 July 2008 and 12 August 2008. No opposition to these motions has been filed by any party or non-party despite a reasonable opportunity to do so. Nor has any party filed any opposition to six prior motions to seal similar information in this case which were allowed by this court on 8 May 2008 (DE #101) and 25 July 2008 (DE #134).

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential business information, license pricing terms, and other materials protected by trademark and not

5

generally available to the public, the court finds that alternatives to sealing do not exist at the present time.

Plaintiff's motions to seal (DE #137, 165) are accordingly ALLOWED. The documents subject to the motions shall remain under seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

### III. Revised Protocol for Courtesy Copies of Filed Documents

In recognition of the complex nature of this case and to further promote efficient review of pending motions by the court, the court hereby revises the protocol for submission of courtesy copies to chambers. The protocol set out in the 13 June Order, p. 19, ¶ 7 is hereby MODIFIED as follows:

In any matters before the undersigned, counsel shall submit to the undersigned's chambers two three-hole punched copies of any documents filed by such counsel irrespective of their length. The copies shall be placed in notebooks when their length appears to warrant doing so. Documents with exhibits shall include an index of exhibits. The arrangement of the documents shall be as follows: motion, memorandum, index of exhibits, exhibits. All documents shall include the header information applied by the CM/ECF system at the time of filing (*e.g.*, docket entry number and file date). Courtesy copies of sealed or proposed sealed documents shall not be enclosed in red envelopes, as are required for such submissions to the Clerk's office). The submission of courtesy copies to chambers shall be within one day after the date of filing.

### IV. Next Status Conference

Based upon the parties' representations of their availability, a status conference shall be held in this case on Wednesday, 17 September 2008, at 2:00 p.m. in the Fifth Floor Courtroom, Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina. Counsel are directed

to attend. The status conference shall be subject to the arrangements specified in the 25 July 2008 Order.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

1. Plaintiff's motion to compel (DE #135) is ALLOWED on the terms set out above.

2. Plaintiff's motion for extension of time (DE #139) is ALLOWED on the terms set out above.

3. Plaintiff's motion to consider the supplemental declaration of Robert Young (DE #167) is ALLOWED.

4. Plaintiff's pending motions to seal (DE #137, 165) are ALLOWED and the documents subject to the motions shall remain under seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

5. The protocol for submission of courtesy copies of documents in this case as previously specified in the 13 June Order (DE #106), p. 19 ¶ 7 shall be MODIFIED as set out above.

6. The next status conference in this matter shall be held on Wednesday, 17 September 2008, at 2:00 p.m. in the Fifth Floor Courtroom, Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina.

SO ORDERED, this 22nd day of August, 2008.

James E. Gates
United States Magistrate Judge

7