IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | | |
|---|---|---|
| SILICON KNIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EPIC GAMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on three unopposed motions to file documents under seal by defendant (DE #162, 172, 181), two such unopposed motions by plaintiff, (DE #174, 177), and the parties' joint motion to seal the transcript of the 19 August 2008 status conference (DE #202). Collectively, these motions request that the following documents filed under temporary seal be permanently sealed: (1) defendant's memorandum of law in opposition to plaintiff's motion to compel compliance with the June 13 Order and the supporting declarations of Canon Pence, Timothy Sweeney, and Peter J. Creath (originally filed at DE #161, 161-3, -4, -5; temporarily sealed documents appearing at DE #193, 193-2, -3, -4);[1] (2) plaintiff's objections and responses to defendant's second set of interrogatories attached as an exhibit to defendant's motion to compel plaintiff's responses to Interrogatories Nos. 2, 4, 6, 7, 8, 19, and 20 (originally filed at DE #170-3; temporarily sealed document appearing at DE #194); (3) defendant's motion[2] and memorandum of law in support of its motion to compel plaintiff's responses to requests for production Nos. 1, 2, and

---

[1] The respective documents, except for the first page or a cover page, do not appear at the docket entries where originally filed. As indicated, the full documents do appear at the subsequent docket entries listed.

[2] While the respective motion to seal (DE #174) requests that the memorandum and exhibits be sealed, it does not specifically request that the motion be sealed. Nevertheless, because the motion was submitted to the court as a sealed document, the court will construe this document as falling within the scope of the request.

203-211 and certain supporting exhibits (originally filed at DE #146, 146-2, -3, -4, -5, -7, -8, 147; temporarily sealed documents appearing at DE # 157, 157-2, -3, -4, -5, 158, 159); (4) plaintiff's opposition to that motion and the supporting declarations of Katherine Morgan and Dennis Dyack (originally filed at DE #186; temporarily sealed documents appearing at DE #195-2, -3); (5) the supplemental declaration of Peter J. Creath filed in support of defendant's memorandum of law in response to plaintiff's motion to consider the supplemental declaration of Robert Young (originally filed at DE #180-2; temporarily sealed document appearing at DE #197); and (6) the transcript of the 19 August 2008 status conference (DE #199). For the reasons set forth below, the court will allow each of the motions.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed have been filed in connection with discovery motions, and not in support of any motions which seek dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

2

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (*quoting In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, the parties have demonstrated that the documents and the transcript in question contain confidential and proprietary commercial information, including trade secrets and other information relating to the parties' networks and software, information which is of utmost importance to the parties but not generally available to the public. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motions were filed on 11, 14 and 15 August 2008, and 15 September 2008. No opposition to these motions has been filed by any party or non-party despite a reasonable opportunity to do so. Nor has any party filed any opposition to eight prior motions to seal similar information in this case which were

3

allowed by this court on 8 May 2008 (DE #101), 25 July 2008 (DE #134), and 22 August 2008 (DE #185).

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential business information and other materials protected by trademark and not generally available to the public, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, the parties' motions to seal are ALLOWED. The documents subject to the motions shall remain under seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

SO ORDERED, this 14th day of November, 2008.

James E. Gates
United States Magistrate Judge