IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | | |
|---|---|---|
| SILICON KNIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EPIC GAMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on a motion for a protective order by plaintiff and counterclaim defendant Silicon Knights ("SK") (DE #223) relating to a deposition noticed by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic"), and four motions to seal (DE #225, 231, 241, 243). The court heard argument on the motion for protective order at a recent status conference and ruled on most of the issues it presents.[1] As stated at the conference, the court will allow in part and deny in part the motion for a protective order. The court will allow each of the motions to seal. By this order, the court is also scheduling the next status conference.

### BACKGROUND

SK and Epic are both engaged in the business of developing video games. In July 2007, SK commenced this lawsuit against Epic alleging fraud, breach of contract, and other torts in connection with a license that SK purchased from Epic for its game engine, Unreal Engine 3 ("UE3"). (*See generally* Compl. ¶¶ 1, 5, 14). Specifically, SK claims that Epic failed to provide SK with properly working software or offer any reasonable support to SK as a licensee. (*Id.* ¶ 14). SK further alleges that Epic wrongfully used the licensing fees it obtained from SK and other licensees to fund the

---

[1] The court also heard argument regarding a motion by Epic to compel responses to requests for production of documents by SK (DE #229). This motion will be the subject of a separate order.

launch of another game which competes with UE3 and has enjoyed substantial commercial success at the expense of UE3. (*See id.* ¶ 16). Epic, in turn, contends that SK used Epic's licensed technology in violation of Epic's rights. (*See* Countercl., p. 1). Epic has asserted counterclaims for copyright infringement, breach of the license agreement, and misappropriation of trade secrets, and for the imposition of a constructive trust. (*Id.*).

## DISCUSSION

### I. SK's Motion for Protective Order

Rule 26(c) permits a party or any person from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c). Where good cause is shown, the court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* Here, SK moves for a protective order to prevent Epic from proceeding with a partial Rule 30(b)(6) deposition. The notice for the deposition identifies as the one matter for examination "[SK's] search, including search criteria, collection and production of documents responsive to Epic's document requests in this action." (Dep. Notice (DE #223-5) at 2). SK opposes the deposition on the principal grounds that it would violate the work product doctrine and would impermissibly subject it to more than one Rule 30(b)(6) deposition. Epic contends that the deposition is warranted because SK's production of documents has been deficient in the past.

For the reasons stated at the status conference, the motion for protective order is ALLOWED in PART and DENIED in PART on the following terms:

1. Epic may conduct a Rule 30(b)(6) deposition of SK on the following matters:

(a) SK's search criteria and production processes in the following categories: (i) communications with SK's publishing partners and other non-publisher third parties (such as

2

developers or agents); (ii) documents relating to the development of the SK Engine and use of that engine in SK's games; and (iii) documents relating to the development of, or delays associated with the Second Game and Too Human (*see* Pence Dec. (DE #239 ¶ 5)); and

    (b)    SK's general search approaches to document production as a whole.

    2.    In accordance with Rule 30(b)(6), SK shall designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf at the deposition regarding the foregoing matters.

    3.    The deposition shall be held in St. Catherines, Ontario, Canada. However, by stipulation of the parties, the deposition shall be subject to the Federal Rules of Civil Procedure to the same extent as if it were being conducted in Raleigh, North Carolina.

    4.    This Rule 30(b)(6) deposition of SK shall not limit or prejudice in any way the right of Epic to conduct a Rule 30(b)(6) deposition of SK on other matters.

    5.    If the parties would like the undersigned to be available during the deposition for ruling on any objections which may arise, counsel shall confer with the chambers of the undersigned about proposed dates for the deposition to ensure the undersigned's availability.

The court finds that the circumstances presented would make the award of expenses on the motion unjust. Each party shall therefore bear its own expenses. *See* Fed. R. Civ. P. 26(c)(3); 37(a)(5)(C).

3

## II. Motions to Seal

The four motions to seal before the court are: Epic's motion to seal documents in support of its motion to compel (DE #225)[2]; Epic's motion to seal documents related to SK's motion for a protective order (DE #231)[3]; SK's motion to seal limited portions of this court's 21 November 2008 order (DE #241)[4]; and SK's motion to seal documents in opposition to Epic's pending motion to compel (DE #243)[5]. All four motions are unopposed.

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed have been filed in connection with or relate to discovery motions, and not in support of any motions which seek dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. 17 April

---

[2] This motion seeks to seal Epic's motion to compel, supporting memorandum, and eight supporting attachments. (These documents were originally assigned DE #229, 230, although copies do not appear at those locations. Actual copies are temporarily sealed at DE # 237, 238).

[3] This motion seeks to seal Epic's opposition memorandum and exhibits to SK's motion for a protective order (originally assigned DE#233; actual copies temporarily sealed at DE #239).

[4] The court's 21 November 2008 order was temporarily sealed and appears at DE #228. SK's proposed redacted version of the order appears at DE #242-2.

[5] This motion seeks to seal SK's memorandum of law in opposition to Epic's motion to compel (originally assigned DE #245; actual copies temporarily sealed at DE # 248).

4

2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, the parties have demonstrated that the documents (or portions of documents) in question contain confidential and proprietary commercial information, including trade secrets and other information relating to the parties' networks and software, information which is of utmost importance to the parties but not generally available to the public. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motions were filed on 21 November, 24 November, 8 December, and 9 December, respectively. No opposition has been filed by any party or non-party despite a reasonable opportunity to do so.

5

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential business information, license pricing terms, and other materials protected by trademark and not generally available to the public, the court finds that alternatives to sealing do not exist at the present time.

For the foregoing reasons, the parties' pending motions to seal are ALLOWED. Accordingly, the documents appearing at DE #228, 237, 238, 239, and 248 shall remain permanently sealed in accordance with Local Civil Rule 79.2(b), E.D.N.C. The redacted version of the court's 21 November 2008 order, as proposed at DE #242-2, shall be filed as the public version of the court's 21 November 2008 order.

### III. Next Status Conference

The next status conference in this case shall be held on Thursday, 22 January 2009, at 2:00 p.m. in the Fifth Floor Courtroom, Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina. Counsel are directed to attend. The status conference shall be subject to the arrangements specified in the 25 July 2008 order (DE #134).

### CONCLUSION

In summary, the court rules as follows:

1. SK's motion for a protective order (DE # 223) is ALLOWED in PART and DENIED in PART on the terms stated.

2. The motions to seal (DE #225, 231, 241, 243) are ALLOWED.

3. The next status conference shall be held as set out above.

SO ORDERED, this 23rd day of December, 2008.

James E. Gates
United States Magistrate Judge