IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | | |
|---|---|---|
| SILICON KNIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EPIC GAMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court for the purpose of memorializing and elaborating on the rulings it made at the telephone status conference held today. For the reasons set forth on the record, IT IS ORDERED as follows:

1. The motion to strike (D.E. 281) filed by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic") is ALLOWED in PART and DENIED in PART. Epic shall be allowed the alternative relief it requests in its motion—that is, the opportunity to respond to the supplemental filings of plaintiff and counterclaim defendant Silicon Knights, Inc. ("SK") in support of SK's motion for issuance of letters rogatory (D.E. 246) and deferral of any hearing on SK's motion until after submission by Epic of its response. Epic shall file its response to SK's supplemental filings by 5 February 2009. After receipt of Epic's response, the court will decide if a hearing on SK's motion for issuance of letters rogatory is warranted. Epic's request that SK's supplemental filings be stricken is denied.

2. Each party shall provide to the opposing party by 28 January 2009 a list of all agreements between SK and Nintendo the party has in its possession. SK shall produce to Epic by 6 February 2009 any such agreements on its list that do not also appear on Epic's list. (*See generally* D.E. 272 at 4, "Request no. 72").

3. SK shall produce to Epic documents sufficient to identify the particular artwork project discussed at the conference. To the extent that SK determines it has already produced such documents to Epic, it may provide Epic the Bates numbers for such documents in lieu of producing the documents themselves. SK shall make its document production, or provide Bates numbers in lieu of production, by 28 January 2009. Any production of documents by SK pursuant to this paragraph is subject to and does not waive SK's objections to such production as stated at the conference. (*See generally* D.E. 228 at 6-8).

4. The parties shall be permitted an extension of time to provide an update on the status of their meet and confer concerning the issues raised in SK's motion to compel (D.E. 234). The parties' update shall now be due by 26 January 2009. If the parties do not resolve their differences, the court will issue an order deciding the motion.

5. The next status conference in this case shall be held on Wednesday, 25 February 2009, at 2:00 p.m. in the Sixth Floor Courtroom, Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina. Counsel are directed to attend unless prior arrangements to participate by telephone are allowed. The status conference shall be subject to the arrangements specified in the 25 July 2008 order (D.E. 34).

SO ORDERED, this 22nd day of January, 2009.

James E. Gates
United States Magistrate Judge