IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | |
|---|---|
| SILICON KNIGHTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EPIC GAMES, INC., ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on four unopposed motions to permanently seal documents filed under temporary seal. Three of the motions to seal are by plaintiff and counterclaim defendant Silicon Knights, Inc. ("SK") (D.E. 417, 428, 472) and apply to the following documents, respectively: (1) SK's memorandum (D.E. 419) in support of its corrected motion (D.E. 418) for partial summary judgment, the declaration of Robert Zdybel filed in support of that memorandum (D.E. 416-5), Exhibit C to the Zdybel declaration (D.E. 416-6 and -7), and Exhibits B-F, H, and I (D.E. 414-4 to -10, respectively) to the declaration of Tanya Wei supporting that same memorandum; (2) the revised declaration of Tanya Wei (D.E. 420-4) filed in support of SK's memorandum in support of its corrected motion for partial summary judgment and Exhibits B-F, and H-J (D.E. 420-5 to -12, respectively) to the revised Wei declaration; and (3) SK's reply (D.E. 470) in support of its corrected motion for partial summary judgment, the declaration of Robert Young (D.E. 471), and Exhibit 1 to the Young declaration (D.E. 471-1). One of the motions to seal is by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic") (D.E. 457) and applies to: Epic's memorandum (D.E. 445) in opposition to SK's corrected motion for partial summary judgment, Exhibit 175 to the deposition of Sean Thompson (D.E. 454), the deposition transcript of Paul Caporicci (D.E. 455), and

the declarations of Timothy D. Sweeney (D.E. 446, 447, 448), Edward W. Felten (D.E. 449), and Canon I. Pence (D.E. 450, 451, 452, 453) with all exhibits to these declarations. For the reasons set forth below, the court will deny without prejudice each of these motions to seal.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* The presumption of access under the common law "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). However, under the First Amendment, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

In addition to addressing the public's right of access, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The public notice and opportunity to challenge requirements are easily met by allowing time for objections to be made, once a motion to seal has been filed." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 122 (D. Md. 2009). The court is further obligated to

2

consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Knight*, 743 F.2d at 235.

Heretofore, the parties have sought to seal only non-dispositive motions and related documents, dealing primarily with discovery matters, requiring the court's application of the common law standard. The documents the parties seek to seal in the instant motions have been filed in connection with or relate to a motion for partial summary judgment, and, therefore, the right of access at issue arises under the First Amendment. As the Fourth Circuit has held, "[t]he reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents." *Rushford*, 846 F.2d at 254.

In their respective motions, neither SK nor Epic has provided sufficient argument under the First Amendment to support sealing. Nor have they, in light of this more stringent standard, adequately demonstrated to the court that there are no alternatives to sealing each of the documents in their entirety, such as redaction of the purportedly confidential information. Consequently, the court concludes that the parties have failed to adequately support their motions to seal.

## CONCLUSION

For the foregoing reasons, the motions to seal (D.E. 417, 428, 457, 472) are DENIED WITHOUT PREJUDICE to the parties' right to re-file them. Any such renewed motion shall be supported by a memorandum stating with specificity and citation to applicable legal authorities the basis upon which the movant contends the presumption of access under the First Amendment has been overcome and upon which less drastic alternatives than the relief proposed are not adequate. Such renewed motions shall be filed no later than 30 June 2010. The Clerk is DIRECTED to

maintain the proposed sealed documents (D.E. 414-4 to -10, 416-5 to -7, 420-4 to -12, 419, 445-454, 470, 471, 471-1) under temporary seal until such time as the court has ruled on any renewed motions to seal with respect to those documents. If no renewed motion to seal is filed by 30 June 2010 with respect to any of the proposed sealed documents, the Clerk is DIRECTED to unseal such documents.

SO ORDERED, this 14th day of June, 2010.

James E. Gates
United States Magistrate Judge