IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | | |
|---|---|---|
| SILICON KNIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EPIC GAMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on nine unopposed motions to permanently seal documents filed under temporary seal. Five of these motions are by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic") (D.E. 443-2,[1] 497, 509, 512, 517) and apply to the following documents, respectively: (1) Epic's memorandum (D.E. 437) in support of its motion for sanctions (D.E. 436), and the supporting deposition transcripts of Sean Thompson (D.E. 438, 439) and Douglas Tooley (D.E. 441, 442); (2) Epic's motion (D.E. 495) for leave to file its first amended counterclaim, the proposed first amended counterclaim (D.E. 495-1), the supporting deposition transcripts of James O'Reilly (D.E. 495-2), and Epic's supporting memorandum (D.E. 496); (3) the hearing transcript of the 4 February 2010 status conference (D.E. 482); (4) Epic's memorandum (D.E. 511) in opposition to the motion by plaintiff and counterclaim defendant Silicon Knights, Inc. ("SK") to retain under seal the entirety of the court's order of 22 February 2010 imposing sanctions ("Sanctions Order") (D.E. 485); and (5) Epic's reply (D.E. 516) in support of its motion for leave to file its first amended counterclaim. Four of the motions to seal are by SK (D.E. 487, 490, 502, 515) and apply to the following documents, respectively: (1) the O'Reilly List (as defined in the Sanctions Order at 3)

---

[1] The wrong document was inadvertently docketed in place of the motion at D.E. 443 on the date of filing. The motion was subsequently docketed at D.E. 443-2.

(D.E. 486, 486-1 to 486-6) and a related key (D.E. 486-7), filed as directed in the Sanctions Order; (2) a copy of all information SK obtained in response to the O'Reilly List (D.E. 489, 489-1 to 489-33), also filed pursuant to the Sanctions Order; (3) SK's notice of filing (D.E. 500) and declaration of Robert Zdybel (D.E. 501, 501-1), also filed pursuant to the Sanctions Order; and (4) SK's memorandum (D.E. 514) in opposition to Epic's motion for leave to file its first amended counterclaim and the supporting exhibits (D.E. 514-1 to 514-3). For the reasons set forth below, the court will ALLOW each of the motions to seal.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed were filed in connection with discovery motions or otherwise relate to discovery, and were not submitted in support of or opposition to any motions that seek dispositive relief.[2] Therefore the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06-CV-614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits

---

[2] The declaration of Robert Zdybel (D.E. 501, 501-1) that is the subject of SK's motion to seal at D.E. 502 relates to information that SK previously submitted in support of its motion (D.E. 412) for partial summary judgment. This declaration itself, however, was not submitted in support of the summary judgment motion, but, as indicated, in response to the Sanctions Order.

2

at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, the parties have demonstrated that the documents subject to the motions to seal contain confidential and proprietary commercial information, including trade secrets and other information relating to the parties' software, information that is of utmost importance to the parties but not generally available to the public. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight*, 743 F.2d at 235. Here, the motions were filed between 3 December 2009 and 15 April 2010. No opposition to these motions has been filed by any party or non-party despite a reasonable opportunity to do so. Nor has any party filed opposition to any of the numerous

3

prior motions to seal similar confidential information. *See* Motions to Seal at, *e.g.*, D.E. 101 (8 May 2008), D.E. 134 (25 July 2008), D.E. 185 (22 Aug. 2008); D.E. 221 (14 Nov. 2008); D.E. 260 (23 Dec. 2008); D.E. 322 (5 Mar. 2009); D.E. 365 (2 June 2009 ); and D.E. 392 (31 Aug. 2009).

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight*, 743 F.2d at 235. Because, as described, the documents in question contain trade secret and other confidential business information that is protected from disclosure by law and is not generally available to the public, the court finds that alternatives to sealing do not exist at the present time. Accordingly, the documents referenced shall be permanently sealed in accordance with Local Civil Rule 79.2(b), E.D.N.C.

## CONCLUSION

For the foregoing reasons, the parties' motions to seal (D.E. 443-2, 487, 490, 497, 502, 509, 512, 515, 517) are ALLOWED. The documents subject to the motions (D.E. 437, 438, 439, 441, 442, 482, 486, 486-1 to 486-7, 489, 489-1 to 489-33, 495, 495-1, 495-2, 496, 500, 501, 501-1, 511, 514, 514-1 to 514-3, 516) shall remain under seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

SO ORDERED, this 14th day of June 2010.

James E. Gates
United States Magistrate Judge