IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | |
|---|---|
| SILICON KNIGHTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EPIC GAMES, INC., ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on three motions to seal: (1) one by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic") (D.E. 539) to temporarily seal information filed in support of its motion for partial summary judgment[1]; (2) one by plaintiff and counterclaim defendant Silicon Knights, Inc. ("SK") (D.E. 566) to temporarily seal information filed in opposition to Epic's motion for partial summary judgment[2]; and (3) another by Epic (D.E. 569) to temporarily seal the materials it filed in support of its reply on its partial summary judgment motion.[3] All three motions are unopposed.

Both parties' motions seek temporary sealing to allow them time to confer and consider possible redaction of the documents at issue as an alternative to sealing them in their entirety, in accordance with this court's 15 June 2010 Order (D.E.527) and Fourth Circuit case law, including *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). *Stone* directs that before sealing publicly

---

[1] Epic seeks to temporarily seal D.E. 532 and D.E. 532-1 through -20, D.E. 533-1 through -18, D.E. 534-1 through -12, D.E. 535-1 through -15, D.E. 536-1 through -4, D.E. 537-1 through -12, and D.E. 538.

[2] SK seeks to temporarily seal D.E. 559 and D.E. 559-1 through -15, D.E. 560-1 through -20, D.E. 561-1 through -15, D.E. 562-1 through -15, D.E. 563-1 through -17, D.E. 564-1 through -9, and D.E. 565.

[3] Epic seeks to temporarily seal D.E. 568 and D.E. 568-1 and -2.

filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. The materials here are entitled to First Amendment protection because they were filed in connection with a summary judgment motion. *Id.* Under such circumstances, "before a district court may seal any court documents, . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Because the temporary sealing of the documents at issue would facilitate the court's analysis of their ultimate suitability for permanent sealing, the motions before the court (D.E. 539, 566, and 569) to temporarily seal them are ALLOWED. The documents subject to the motions shall remain under seal until the court issues an order on any motions to permanently seal these materials.

SO ORDERED, this 14 day of March, 2010.

James E. Gates
United States Magistrate Judge

2