IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | |
|---|---|
| SILICON KNIGHTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| EPIC GAMES, INC., | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on three related motions: (1) a consent motion ("consent motion") by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic") (D.E. 575) to permanently seal information previously filed by both it, and plaintiff and counterclaim defendant Silicon Knights, Inc. ("SK") in connection with Epic's motion for partial summary judgment[1]; (2) Epic's motion (D.E. 589) to permanently seal Exhibits 38 and 39 to the consent motion, as filed at D.E. 579-4 and -5, respectively, which were inadvertently filed with incomplete redactions; and (3) an amended motion (D.E. 590) by SK that clarifies the information it seeks to have sealed pursuant to the consent motion. All the documents subject to these motions, as identified therein, are under temporary seal, with the exception of the copies of Exhibits 38 and 39 filed at the indicated docket entries, which are not sealed.[2]

By the motions collectively, Epic seeks to have permanently sealed documents or portions thereof containing what it alleges to be trade secrets; discussions of those alleged trade secrets; highly sensitive financial information; and details of its proprietary projects and licensing programs.

---

[1] The consent motion seeks to have sealed a consolidated set of redacted documents that reflect both parties' proposed redactions to all of the documents associated with Epic's motion for partial summary judgment. Both Epic (D.E. 583) and SK (D.E. 574) submitted a memorandum in support of the motion.

[2] Other copies of these exhibits have been filed under temporary seal. (*See* D.E. 586, 587).

SK seeks to have permanently sealed documents or portions thereof containing what it alleges to be highly confidential business information of third parties and sensitive personnel information about SK employees. For the reasons set forth below, the court will ALLOW the motions.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, including, for example, those filed in connection with a summary judgment motion. *Id.* Here, as noted, the documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief, and therefore the right of access at issue arises under the First Amendment. *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, the parties have demonstrated that the documents in question contain confidential and proprietary commercial information, including information relating to alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters. Based on this showing, the court finds that the presumption of access has been overcome. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *Woven Elec. Corp. v. Advance Group, Inc.*, 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. 6 May 1991) (holding that district court could have closed courtroom and sealed trial record to protect trade secrets); *Wolfe v. Green*, No. 2:08-1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overriden with respect to proposed redactions that included personal financial information); *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581-82 (E.D. Va. 2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them.").

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motions were filed on 23 August and 25 August 2010. No opposition to the motions has been filed by any party or non-party despite a reasonable opportunity to do so. Nor has any party filed any opposition to prior motions to seal similar information in this case that were allowed by this court.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Publishing Co.*, 743 F.2d at 235; *accord Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) ("Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."). Here, the parties have redacted their filings in an attempt to keep only limited categories of documents from public viewing. Because, as described, the documents (or portions of documents) in question contain information protected as trade secrets and other confidential business information not generally available to the public, the court finds that alternatives to sealing, beyond the redacting the parties have proffered, do not exist at the present time. Accordingly, the documents and information referenced shall be permanently sealed in accordance with Local Civil Rule 79.2(b), E.D.N.C.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1. the three motions presently before the court (D.E. 575, 589, and 590) are ALLOWED;

2. Exhibits 38 and 39, as filed at D.E. 579-4 and 579-5, shall be placed under permanent seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.; and

4

3. the remaining documents subject to the motions as identified therein, all of which that are already under temporary seal, shall be permanently sealed in accordance with Local Civil Rule 79.2(b).

SO ORDERED, this 14 day of March, 2010.

James E. Gates
United States Magistrate Judge