IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-275-D

| | | |
|---|---|---|
| SILICON KNIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EPIC GAMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court, in part, on a renewed[1] motion by defendant and counterclaim plaintiff Epic Games, Inc. ("Epic") (D.E. 549) to permanently seal information filed in connection with a motion for partial summary judgment by plaintiff and counterclaim defendant Silicon Knights, Inc. ("SK"). The motion is supported by a memorandum of law. (D.E. 550). SK filed a memorandum (D.E. 554) in response, and Epic filed a reply (D.E. 567). The documents that Epic seeks to have permanently sealed, in whole or in part, contain Epic's alleged trade secrets; discussions of those alleged trade secrets; and information about its unreleased game engine, Unreal Engine 4.[2] For the reasons set forth below, the motion will be allowed.

By separate motion (D.E. 548), Epic seeks approval of the Clerk's having temporarily sealed a number of documents (found at D.E. 541-547) also filed in connection with SK's motion for partial summary judgment. These documents are versions of certain documents subject to the prior motion

---

[1] Epic's motion is a renewed motion because it reasserts motions by Epic to seal previously denied by the court without prejudice in an order of 15 June 2010 (D.E. 567), which directed Epic to review the documents at issue in light of the applicable legal standards. The same order also applied to prior motions to seal by SK.

[2] Specifically, Epic seeks the permanent sealing of two groups of documents: (1) all of D.E. 416-3, 416-6, 416-7, 414-4, 420-5, and 446-448 and (2) portions of D.E. 414-9, 419, 445, 449, 420-10, 470, and 470-1.

from which the confidential information has been redacted.[3] Epic proposes that these redacted documents be unsealed upon court approval of the redactions pursuant to the prior motion. The motion for approval of temporary sealing will also be allowed.

## DISCUSSION

### I.  Motion for Permanent Sealing (D.E. 549)

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, as noted, the documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief, and therefore the right of access at issue arises under the First Amendment. *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the

---

[3] The documents subject to the prior motion (and thereby proposed for permanent sealing) upon which the redacted versions are based are portions of D.E. 414-9, 419, 445, 449, 420-10, 470, and 470-1. They comprise the documents in the second group referenced in footnote 1 above.

2

information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, Epic has demonstrated that the documents in question contain confidential and proprietary commercial information, including information relating to its alleged trade secrets and other information relating to its developing technology, information which is of utmost importance to it but not generally available to the public or bearing importance to any public matters. Based on this showing, the court finds that the presumption of access has been overcome with respect to the documents proposed to be sealed in whole or in part, including specifically the portions of such documents included in redactions. *Woven Elec. Corp. v. Advance Group, Inc.*, 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. 6 May 1991) (holding that district court could have closed courtroom and sealed trial record to protect trade secrets); *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581-82 (E.D. Va. 2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them.").

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motion was filed on 30 June 2010. At the time SK filed its response, its motion for partial summary judgment was still pending and it urged the court to consider unsealing some of the documents if its motion for partial summary were allowed. Since that time, SK's motion for partial summary judgment was denied (Mem. and Rec. (D.E. 556), adopted (D.E. 572)), and SK has not identified

any other ground to oppose denial of the motion to seal. No other opposition to the motion to seal has been filed by any non-party despite a reasonable opportunity to do so. Nor has any party filed any opposition to prior motions to seal similar information in this case that were allowed by the court.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Publishing Co.*, 743 F.2d at 235; *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) ("Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."). Here, Epic has redacted a number of its filings in an attempt to keep only limited categories of documents from public viewing. Because, as described, the documents in question contain trade secrets and other confidential business information not generally available to the public, the court finds that alternatives to sealing, beyond the redacting Epic has proffered, do not exist at the present time. Accordingly, plaintiff's motion for permanent sealing will be allowed and the documents subject to it will be permanently sealed in accordance with Local Civil Rule 79.2, E.D.N.C.

II.     **Motion for Approval of Temporary Sealing (D.E. 548)**

Epic's motion for approval of temporary sealing is consistent with Local Civil Rule 79.2(b), which provides for the automatic temporary sealing of proposed sealed documents accompanying

4

a motion to seal. Indeed, this provision renders the motion superfluous. Nevertheless, for clarity of the record, the court will also allow this motion.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1. Epic's motion (D.E. 549) for permanent sealing is ALLOWED;

2. the documents subject to this motion, as identified in footnote 2 above (including specifically the information included in the redactions shown in D.E. 541-547), shall be PERMANENTLY SEALED in accordance with Local Civil Rule 79.2(b);

3. Epic's motion (D.E. 548) for approval of the prior temporary sealing of the documents subject to this motion is ALLOWED; and

4. the documents subject to this motion, found at D.E. 541-547, shall now be UNSEALED.

SO ORDERED, this 14 day of March, 2011.

James E. Gates
United States Magistrate Judge