IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-275-D

SILICON KNIGHTS, INC., )
)
    Plaintiff, )
)
  v. )   **ORDER**
)
EPIC GAMES, INC., )
)
    Defendant. )

  On August 5, 2011, Silicon Knights, Inc. ("SK" or "plaintiff") and Epic Games, Inc. ("Epic"

or "defendant") exchanged trial witness lists. On August 11, 2011, SK filed a motion to exclude

undisclosed witnesses from testifying at trial [D.E. 665]. On August 18, 2011, Epic responded in

opposition [D.E. 675]. On August 26, 2011, SK replied [D.E. 681]. As explained below, SK's

motion is granted in part and denied in part.

  SK seeks to exclude four of Epic's witnesses pursuant to Federal Rule of Civil Procedure

37(c)(1). SK claims that Epic failed to disclose Alan Willard, Nick Penwarden, Clifford Bleszinski,

and Steven Polge, in violation of Federal Rule of Civil Procedure 26(a) and (e). Mot. to Exclude 1.

Epic contends that it has complied with the disclosure requirements in Federal Rule of Civil

Procedure 26. Def.'s Mem. Opp'n Mot. Exclude 1–2. As for Alan Willard, Epic argues that both

parties identified Willard in their Rule 26 disclosures and that SK also identified Willard in response

to Epic's interrogatories. Id. 1. As for Nick Penwarden, Epic notes that it identified Penwarden

based on documents SK produced during discovery, and Epic subsequently listed Penwarden in its

fourth supplemental disclosures. Id. 1–2. As for Clifford Bleszinski and Steven Polge, Epic

contends that it identified Bleszinski and Polge in interrogatory answers. Id. 1.

Federal Rule of Civil Procedure 26(a) requires a party to make certain initial disclosures, including the identity of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) provides that

> [a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process** . . . .

Fed. R. Civ. P. 26(e)(1) (emphasis added).

"If a party fails to [timely] provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court has "broad discretion" to determine whether an untimely disclosure is "substantially justified" or "harmless." See, e.g., S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). In determining whether to exclude untimely disclosures, courts are to consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

Id. The court has broad discretion to select the appropriate remedy for untimely disclosures in light of the totality of the circumstances. See id. at 595; Fed. R. Civ. P. 37(c)(1).

During discovery, Epic sufficiently informed SK of Alan Willard's and Nick Penwarden's statuses as potential witnesses. See Fed. R. Civ. P. 26(e)(1)(A). Therefore, Epic did not violate its Rule 26 disclosure obligations with respect to Willard and Penwarden and SK's motion to exclude Willard and Penwarden as witnesses is denied.

However, Epic's oblique references to Clifford Bleszinski and Steven Polge during discovery were insufficient to alert SK that Bleszinski and Polge were potential witnesses. See Hoyle v.

2

Freightliner, LLC, 650 F.3d 321, 329–30 (4th Cir. 2011). Although Epic supplemented its initial Rule 26 disclosures four times, Epic failed to disclose Bleszinski or Polge. Moreover, because SK has not deposed Bleszinski or Polge, Epic's failure is not substantially justified or harmless. Accordingly, the court grants SK's motion to exclude Clifford Bleszinski and Steven Polge from testifying at trial.

SK's motion to exclude undisclosed witnesses from testifying at trial [D.E. 665] is GRANTED in part and DENIED in part. Clifford Bleszinski and Steven Polge may not testify at trial. Alan Willard and Nick Penwarden may testify at trial.

SO ORDERED. This **2 7** day of October 2011.


JAMES C. DEVER III
Chief United States District Judge