IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-275-D

| | |
|---|---|
| SILICON KNIGHTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EPIC GAMES, INC., ) | |
| ) | |
| Defendant. ) | |

On July 8, 2011, Epic Games, Inc. ("Epic" or "defendant") filed a motion to bifurcate the trial on the issue of punitive damages pursuant to Federal Rule of Civil Procedure 42(b) [D.E. 611]. On July 15, 2011, Silicon Knights, Inc. ("SK" or "plaintiff") responded in opposition to the motion to bifurcate [D.E. 629] and filed a motion to seal the response in opposition [D.E. 630]. On July 22, 2011, Epic replied [D.E. 656]. As explained below, to the extent described in this order, the court grants Epic's motion to bifurcate the trial on the issue of punitive damages, and grants in part and denies in part plaintiff's motion to seal.

Federal Rule of Civil Procedure 42(b) provides, in pertinent part, that "to avoid prejudice, . . . the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b); see Mattison v. Dallas Carrier Corp., 947 F.2d 95, 110 (4th Cir. 1991). The decision to bifurcate a trial under Rule 42(b) is committed to the sound discretion of the trial court. See, e.g., In re Hutchinson, 5 F.3d 750, 758 (4th Cir. 1993); Dixon v. Transp., Inc., 990 F.2d 1440, 1443, 1445 (4th Cir. 1993). "A trial must remain fair to both parties, and . . . considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice." Dixon, 990 F.2d at 1445 (quotation omitted). Therefore, "when it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration

of liability or compensatory damages, bifurcation of the trial under [Rule] 42(b) [is] an available solution." Mattison, 947 F.2d at 110.

Here, Epic argues that the court should bifurcate SK's request for punitive damages because SK intends to offer evidence regarding Epic's revenues and net worth to establish Epic's ability to pay punitive damages. See Mem. Supp. Mot. Bifurcate 2–4. Epic argues that evidence of its revenues or net worth will unfairly prejudice the jury's determination of its liability for compensatory damages and the amount of compensatory damages. See id. at 3. Additionally, Epic notes that SK's state law claims are governed by N.C. Gen. Stat. § 1D-30, which provides:

> Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any. Evidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages. The same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages.

N.C. Gen. Stat. § 1D-30. SK responds that Epic's financial information also is relevant to establishing Epic's liability for compensatory damages and the amount of compensatory damage, and argues that bifurcation would be both inconvenient and unnecessary. See Mem. Opp'n Mot. Bifurcate 4–9, 11–12.

North Carolina law permits a plaintiff to recover punitive damages "to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. As a result, a plaintiff is permitted to offer certain evidence that might otherwise be inadmissible. See id. § 1D-35.

Evidence related solely to SK's request for punitive damages claim poses an unacceptable risk of unfair prejudice to Epic and will confuse the issues, mislead the jury, and waste time. See Fed. R. Evid. 403. Thus, evidence solely related to SK's request for punitive damages, including Epic's revenues or net worth, creates a significant risk of unfair prejudice to Epic and will confuse the issues, mislead the jury, and waste time. See Mattison, 947 F.2d at 110. The jury first will hear

2

evidence on, and resolve issues of liability for compensatory damages and the amount of compensatory damages. See N.C. Gen. Stat. § 1D-30. After the jury determines these issues, the court will determine whether to submit the issue of punitive damages to the jury. See id. If the court does submit the issue of punitive damages, the court will permit the jury to hear evidence solely related to the issue of punitive damages and instruct the jury on the issue of punitive damages.

In sum, to the extent described in this order, the court GRANTS Epic's motion to bifurcate the trial on the issue of punitive damages [D.E. 611]. The court also DENIES in part and GRANTS in part plaintiff's motion to seal the response in opposition [D.E. 630]. Section II.A.2, II.A.3, and II.B of plaintiff's response are properly sealed. The balance of the response is not.

SO ORDERED. This 31 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge